[No. C.D. 7991.   En Banc.   December 4, 1986.]

*In the Matter of the Disciplinary Proceeding Against* CHAS. H. W. TALBOT, *an Attorney at Law.*

*Lydia Gold,* for Bar Association.

*Chas. H. W. Talbot,* pro se.

BRACHTENBACH, J.—This disciplinary proceeding against Chas. H. W. Talbot results in his disbarment.

Attorney Talbot is no stranger to disciplinary proceedings. In 1969 he was censured for two counts of neglect of a legal matter. In 1970 he was suspended for neglect of a legal matter. He received a reprimand for failure to cooperate

with the Washington State Bar Association's investigation. In 1971 Talbot was reprimanded for neglect of a legal matter. In 1972 Talbot voluntarily transferred to inactive status to avoid pending disciplinary charges.

The first charge here arises from Talbot's representation of several defendants in a civil lawsuit. Talbot filed an answer, counterclaim and third party complaint. The third party complaint was against the plaintiff's attorneys; the hearing officer found that action to be frivolous and done solely to harass or annoy the plaintiff and its attorneys.

Later in that suit Talbot paid into the registry of the court on behalf of his clients $4,129.92 to "bring its obligations to plaintiff current." Findings of fact, at 34.

One of Talbot's clients in the above mentioned civil suit filed, through another attorney, a Chapter 11 bankruptcy petition. Talbot knew of those proceedings. Yet, without notice to opposing counsel, and with disregard of the automatic stay of the bankruptcy petition, Talbot ex parte presented an order to the Superior Court which authorized withdrawal of the funds from the registry of the court. He put the funds in his trust account, but then transferred them to his general account to apply to his attorney's fees.

We agree with the conclusions of the hearing officer that this conduct violates RLD 1.1(i) in that such actions violate CPR DR 1–102(A)(4), (5), CPR DR 7–102(A)(1) and CPR DR 7–110(B).

The second charge involves neglect of a legal matter in that Talbot, being ill, but aware of a pending motion for summary judgment against his client, did nothing. A summary judgment was taken. He failed to obtain a continuance or arrange for substitute counsel, but most inexcusable, never even informed his client that a summary judgment had been granted against her. This violates RLD 1.1(i), CPR DR 6–101(A)(3) and CPR DR 7–101(A)(3).

The third matter again concerns flagrant neglect. Talbot drew a will in which he named himself as alternate executor. He accepted the duties of the executor since the primary executor had died before the death of the client.

Talbot received the original will, insurance policies and evidence of various debts for last illness and burial expenses.

Talbot did nothing to process the estate proceedings for which he had accepted responsibility. He failed to comply with RCW 11.48.010. Talbot was sued by the decedent's heirs. Twice he was ordered to appear for a show cause hearing; twice he failed to appear. Talbot's response, while not completely comprehensible, seems to be that no one ever appointed him as personal representative, that he, therefore, had no duty and in any event he was not potentially acting as a lawyer but as a potential executor. Enough said; professionals do not spin such fine webs to evade their clear obligations to trusting clients. The heirs suffered a loss of $13,741.58 due to his inaction in protecting estate assets. Such unprofessional conduct will not be tolerated. Talbot was an officer of the court. His failure to comply with the statute regarding delivery of a will to the clerk and his blatant disregard of two show cause orders are indicative of his complete lack of comprehension of his professional obligations.

Finally, Talbot's failure to cooperate with the bar's investigation of these multiple complaints is inexcusable. On numerous occasions Talbot simply failed to respond to legitimate requests for information. It was not a matter of challenging the propriety of the inquiry, which may be appropriate in some cases, he merely chose to ignore the whole matter. This violates RLD 1.1(j) and RLD 2.8.

The hearing officer recommended disbarment along with an assessment of the bar's costs and expenses ($2,995.55) plus payment of fees incurred in defense of the frivolous and harassing third party complaint ($2,930) plus the loss to the estate ($13,741.58). Talbot filed no objection to that decision or recommendation.

The Disciplinary Board adopted the hearing officer's recommendation of disbarment and the award of costs, expenses and damages as set forth.

338

Chas. H. W. Talbot is hereby disbarred, and costs, expenses and damages as set forth above are assessed.

DOLLIVER, C.J., UTTER, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., and JOHNSON, J. Pro Tem., concur.